# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROGER HULL,

    Plaintiff,

v.

JAMES DZURENDA, *et al.*,

    Defendants.

Case No.: 3:18-cv-00197-MMD-WGC

**Order**

Re: ECF No. 8

Before the court is Plaintiff's Motion for Court Order Rescinding Portion of Court Order of March 8, 2019 (Doc no 6). (ECF No. 8.)

## I. BACKGROUND

Plaintiff filed an application to proceed in forma pauperis (IFP) for an inmate, and pro se civil rights complaint on May 1, 2018. (ECF Nos. 1, 1-1.) In essence, Plaintiff claimed his constitutional rights were violated in connection with visitation issues. On March 3, 2019, District Judge Du issued an order screening the complaint under 28 U.S.C. § 1915A, and deferred the matter of the filing fee temporarily. (ECF No. 3.) The court dismissed some of Plaintiff's claims with prejudice, and dismissed others with leave to amend. He was given 30 days to file an amended complaint.

Two days after the screening order was issued, on March 6, 2019, Plaintiff filed a motion for voluntary dismissal of this action. (ECF No. 5.) He indicated that since the filing of the action, defendants had reversed their decisions and his visitation issues had been resolved, and as a result he could not in good faith file an amended complaint.

On March 8, 2019, District Judge Du granted the motion for voluntary dismissal and dismissed the action with prejudice. (ECF No. 6.) That order also granted Plaintiff's IFP application. While a non-incarcerated plaintiff granted IFP status is not responsible for paying the filing fee, an incarcerated individual granted IFP status must still pay the full $350 filing fee over time under 28 U.S.C. § 1915(b)(2).

On March 12, 2019, Plaintiff filed his motion asking the court to modify or correct the portion of its order granting his IFP application and requiring him to pay the full filing fee over time since he had moved to voluntarily dismiss the action because the parties had informally resolved the dispute between the time the case was filed and when the screening order was entered.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 60(a), a court may correct a mistake arising from an oversight in an order.

Typically, an inmate civil rights litigant who is granted IFP status is still responsible for paying the full $350 filing fee over time even if his case is subsequently dismissed or is otherwise unsuccessful.

This case presented a unique scenario where the inmate plaintiff filed a motion for voluntary dismissal because a resolution was reached in between the time the case was filed and the case was screened. The motion for voluntary dismissal was filed before his amended complaint was due, and before the IFP application had been ruled on. The court notes that had Plaintiff filed an amended complaint and was allowed to proceed with claims, the case would have been stayed for 90 days to allow the parties to participate in an early mediation conference, during which time the filing fee issue is deferred. As an incentive to resolution of these cases, the court has agreed to forgo collection of the $350 filing fee if an early mediation is successful. The court does not see a

distinction between that set of circumstances, and those present here, where the inmate has decided to voluntarily dismiss his complaint because the defendants reversed course and the parties resolved their disputes informally (while the IFP application was still deferred). Therefore, the court will grant Plaintiff's motion, and modify the March 8, 2019 order (ECF No. 6), insofar as it granted the IFP application and required payment of the $350 filing fee over time. Instead, the IFP application is denied as moot as a result of the informal resolution of the dispute and voluntary dismissal of the case. Plaintiff is not required to pay the $350 filing fee over time.

### III. CONCLUSION

Plaintiff's motion (ECF No. 8) is **GRANTED.** The court's order (ECF No. 6) is modified insofar as it granted the IFP application and required payment of the $350 filing fee over time. That order is modified as follows: the IFP application is **DENIED AS MOOT** as a result of the parties' informal resolution of the issues and the voluntary dismissal of the action. Plaintiff is not required to pay the $350 filing fee over time.

The Clerk shall **SEND** a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS SO ORDERED**.

Dated: March 14, 2019.

William G. Cobb
United States Magistrate Judge

3